| | |
|---|---|
| 1 | Scott M. Lowry (CA ID No. 244,504) |
| 2 | scott@lawlb.com |
|   | Adam T. Turosky (CA ID No. 336,024) |
| 3 | adam@LawLB.com |
| 4 | **LOWRY BLIXSETH APC** |
|   | 30423 Canwood St., Ste. 215 |
| 5 | Agoura Hills, CA 91301 |
| 6 | 818.584.6460 |
|   | 818.574.6026 (fax) |
| 7 | |
| 8 | Cecilia R. Dickson (admitted *pro hac vice*) |
|   | cdickson@webblaw.com |
| 9 | Kent E. Baldauf, Jr. (admitted *pro hac vice*) |
| 10 | kbaldaufjr@webblaw.com |
|    | **THE WEBB LAW FIRM** |
| 11 | One Gateway Center |
| 12 | 420 Ft. Duquesne Blvd., Suite 1200 |
|    | Pittsburgh, PA 15222 |
| 13 | 412.471.8815 |
| 14 | 412.471.4094 (fax) |
|    | *Attorneys for Sun Pacific Shippers, L.P. and Evans AG GP, Inc.* |
| 15 | |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ACMPC CALIFORNIA 7, LLC *d/b/a* SUNTREAT, a California limited liability company, | Case No. 2:24-cv-03334-PSG-RAO |
| Plaintiff, | **SUN PACIFIC SHIPPERS, L.P.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| v. | |
| SUN PACIFIC SHIPPERS, L.P., a California limited partnership; EVANS AG GP, INC., a Nevada Corporation; and DOES 1-10, | **JURY TRIAL DEMANDED** |
| Defendants. | |

SUN PACIFIC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
Case No. 2:24-cv-03334-PSG-RAO

Defendant, SUN PACIFIC SHIPPERS, L.P. ("Sun Pacific" or "Defendant"), by and through its undersigned counsel, hereby serve Defendant's Answer and Affirmative Defenses in response to the Complaint of Plaintiff, ACMPC CALIFORNIA 7, LLC *d/b/a* SUNTREAT ("Suntreat" or "Plaintiff"), dated April 22, 2024 (ECF No. 1).

**INTRODUCTION**

1. The allegations of Paragraph 1 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies any claim based in law or equity exists based on the conduct alleged in the Complaint.

2. Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint. Accordingly, these allegations are denied.

3. The allegations of Paragraph 3 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint. Accordingly, these allegations are denied. By way of further response, Sun Pacific avers that the use of purple, orange, dark orange and/or green does not constitute unique or distinctive trade dress, and Plaintiff has asserted no basis to claim such use is exclusive to Plaintiff or uniquely associated with Plaintiff. Further, Sun Pacific disagrees there is any "prominent" use of purple, and certainly there is no basis to claim any distinctiveness or exclusive entitlement to the color purple. Plaintiff has failed to explicitly identify what it is claiming specifically constitutes the "SUMO Trade Dress" purportedly defined in this paragraph, and thus Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to "SUMO Trade Dress" (as a defined term) in this and other paragraphs of

the Complaint.

4. The allegations of Paragraph 4 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific states that the cited registrations are independent documents that speak for themselves. U.S. Reg. Nos. 7,164,063, 7,1604,064 and 7,164,065, which registered less than a year ago claiming use dating back to 2020, do not claim purple as a "dominant" color. Many colors are identified in the registrations, and are part of the totality of the marks identified in the cited registrations. As to all other allegations in Paragraph 4, Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint. Accordingly, these allegations are denied.

5. Sun Pacific incorporates its response to Paragraph 4 of the Complaint by reference as if fully set forth herein. By way of further response, Further, Plaintiff has failed to explicitly identify what it is claiming specifically constitutes the "SUMO Trade Dress", and whether it is coextensive and limited to what is claimed in the Federal Trademarks (as defined), and thus Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to "SUMO Trade Dress" (as a defined term) in this and other paragraphs of the Complaint. Plaintiff further states that the defined terms SUMO Trade Dress and the Federal Trademarks do not appear to cover the same alleged trade dress, even though Plaintiff appears to be trying to equate the two and broaden the scope of the protection provided by the Federal Trademarks.

6. The allegations of Paragraph 6 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint. Further, Plaintiff has failed to explicitly identify what it is claiming specifically constitutes the "SUMO

Trade Dress", and appears to be claiming that Plaintiff has rights in and to certain colors as independent distinctive marks, when no such registrations exist or are cited in the definition of "SUMO Trade Dress". Accordingly, these allegations are denied.

7. The allegations of Paragraph 7 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint. Further, Plaintiff has failed to explicitly identify what it is claiming specifically constitutes the "SUMO Trade Dress", and appears to be claiming that Plaintiff has rights in and to certain colors as independent distinctive marks, when no such registrations exist or are cited in the definition of "SUMO Trade Dress". Accordingly, these allegations are denied.

8. The allegations of Paragraph 8 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint. By way of further response, Plaintiff has failed to explicitly identify what it is claiming specifically constitutes the "SUMO Trade Dress", and whether it is coextensive with the Federal Trademarks (as defined). The Federal Trademarks do not identify anything that is "dominantly-purple" and thus Sun Pacific denies this characterization. Accordingly, these allegations are denied.

9. Admitted in part, denied in part. Sun Pacific admits that it participates in the selling of MIGHTY® dekopon mandarins, and that Suntreat also sells dekopon mandarins. Sun Pacific admits for a period of time display cartons and stickers utilized a purple color as a component, and had previously been a blue color. The remaining allegations of Paragraph 9 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the remaining allegations contained in Paragraph 9 of Plaintiff's

Complaint.

## PARTIES

10. Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint. Accordingly, these allegations are denied.

11. Sun Pacific admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Sun Pacific admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint. Accordingly, these allegations are denied.

14. The allegations of Paragraph 14 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific states that Defendants Sun Pacific and Evans are separate commercial entities and are not alter egos of each other. They are organized, maintained, operated and managed separately, and thus it is improper and incorrect to argue they are one and the same entity. Further, Sun Pacific has no information regarding Does 1-10 and thus denies the allegations to the extent they apply to any other entities.

## JURISDICTION AND VENUE

15. Paragraph 15 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Sun Pacific does not dispute that this Court has subject matter jurisdiction over Plaintiff's federal claims or supplemental jurisdiction over Plaintiff's state law claims. To the extent a further response is required, Sun Pacific denies the remaining factual allegations or legal conclusions contained in Paragraph 15 of Plaintiff's Complaint.

16. Sun Pacific does not dispute that it is subject to personal jurisdiction in

1 this Court. Sun Pacific expressly denies having used Plaintiff's registered Trademarks without authority, privilege or right, or in any other wrongful way. Plaintiff does not have any trademark registration that covers the color purple. The remaining allegations contained in Paragraph 16 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is deemed to be required, Sun Pacific denies said allegations.

7     17. Paragraph 17 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Sun Pacific does not dispute that venue is appropriate in this District. To the extent a further response is required, Sun Pacific denies the remaining factual allegations or legal conclusions contained in Paragraph 17 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

13     18. Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint. Accordingly, these allegations are denied.

16     19. Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint. Accordingly, these allegations are denied.

19     20. The allegations of Paragraph 20 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint. Further, Plaintiff has failed to explicitly identify what it is claiming specifically constitutes the "SUMO Trade Dress", and appears to be claiming that Plaintiff has rights in and to certain colors as independent distinctive marks, when no such registrations exist or are cited in the definition of "SUMO Trade Dress", and further, the Federal Trademarks do not characterize anything as "purple dominant". Plaintiff has no

1  registration on the color purple.  Accordingly, these allegations are denied.

2       21.    The allegations of Paragraph 21 of Plaintiff's Complaint constitute legal
3  argument to which no response is required.  To the extent a response is required, Sun
4  Pacific is without sufficient knowledge or information to form a belief as to the truth
5  of the allegations contained in Paragraph 21 of Plaintiff's Complaint.  Further,
6  Plaintiff has failed to explicitly identify what it is claiming specifically constitutes the
7  "SUMO Trade Dress", and appears to be claiming that Plaintiff has rights in and to
8  certain colors as independent distinctive marks, when no such registrations exist or
9  are cited in the definition of "SUMO Trade Dress", and further, the Federal
10 Trademarks do not characterize anything as "purple dominant".  Plaintiff has no
11 registration on the color purple.  Accordingly, these allegations are denied.

12      22.    The allegations of Paragraph 22 of Plaintiff's Complaint constitute legal
13 argument to which no response is required.  To the extent a response is required, Sun
14 Pacific is without sufficient knowledge or information to form a belief as to the truth
15 of the allegations contained in Paragraph 22 of Plaintiff's Complaint.  Further,
16 Plaintiff has failed to explicitly identify what it is claiming specifically constitutes the
17 "SUMO Trade Dress", and appears to be claiming that Plaintiff has rights in and to
18 certain colors as independent distinctive marks, when no such registrations exist or
19 are cited in the definition of "SUMO Trade Dress", and further, the Federal
20 Trademarks do not characterize anything as "purple dominant".  Plaintiff has no
21 registration on the color purple.  Accordingly, these allegations are denied.

22      23.    The allegations of Paragraph 23 of Plaintiff's Complaint constitute legal
23 argument to which no response is required.  To the extent a response is required, Sun
24 Pacific is without sufficient knowledge or information to form a belief as to the truth
25 of the allegations contained in Paragraph 23 of Plaintiff's Complaint.  Further,
26 Plaintiff has failed to explicitly identify what it is claiming specifically constitutes the
27 "SUMO Trade Dress", and appears to be claiming that Plaintiff has rights in and to
28

1  certain colors as independent distinctive marks, when no such registrations exist or are cited in the definition of "SUMO Trade Dress", and further, the Federal Trademarks do not characterize anything as "purple dominant". Plaintiff has no registration on the color purple. Accordingly, these allegations are denied.

24. The allegations of Paragraph 24 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint. Further, Plaintiff has failed to explicitly identify what it is claiming specifically constitutes the "SUMO Trade Dress", and appears to be claiming that Plaintiff has rights in and to certain colors as independent distinctive marks, when no such registrations exist or are cited in the definition of "SUMO Trade Dress", and further, the Federal Trademarks do not characterize anything as "purple dominant". Plaintiff has no registration on the color purple. Also, the Federal Trademarks have, by Plaintiff's own admission, not been used "over many years." Accordingly, these allegations are denied.

25. The allegations of Paragraph 25 of Plaintiff's Complaint constitute legal argument to which no response is required.

26. Admitted in part, denied in part. Sun Pacific admits that it participates in the selling of MIGHTY® dekopon mandarins, and that Suntreat also sells dekopon mandarins. Sun Pacific admits the selling and distribution of dekopon mandarins under the MIGHTY® Mandarin trademark began in or about January 2023. The remaining allegations of Paragraph 26 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Admitted in part, denied in part. Sun Pacific admits it uses a PLU sticker

1 on its products (as do most fruit producers), and that some of its marketing included a label that consisted, in part, of a deep blue color. Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint. The remaining allegations of paragraph 27 are denied.

28. Admitted in part, denied in part. Sun Pacific admits it uses display cartons (as do most fruit producers) that consisted, in part, of a deep blue color, for a period of time. Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint. The remaining allegations of paragraph 28 are denied.

29. The allegations of Paragraph 29 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 29 of Plaintiff's Complaint, except to admit that it has used both blue-containing and purple-containing stickers on its MIGHTY® mandarin stickers that predominantly include the word "mighty". Further, Plaintiff has failed to explicitly identify what it is claiming specifically constitutes the "SUMO Trade Dress", and appears to be claiming that Plaintiff has rights in and to certain colors as independent distinctive marks, when no such registrations exist or are cited in the definition of "SUMO Trade Dress", and further, the Federal Trademarks do not characterize anything as "purple dominant". Plaintiff has no registration on the color purple. The allegations of this paragraph are denied.

30. The allegations of Paragraph 30 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 30 of Plaintiff's Complaint, except to admit that it has used both blue containing and purple containing cartons that prominently feature its MIGHTY® mandarin stickers that predominantly include the word "mighty".

31. The allegations of Paragraph 31 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Plaintiff has failed to explicitly identify what it is claiming specifically constitutes the "SUMO Trade Dress", and appears to be claiming that Plaintiff has rights in and to certain colors as independent distinctive marks, when no such registrations exist or are cited in the definition of "SUMO Trade Dress", and further, the Federal Trademarks do not characterize anything as "purple dominant". Plaintiff has no registration on the color purple. Sun Pacific denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. The allegations of Paragraph 32 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

33. Admitted in part, denied in part. Sun Pacific admits to receiving letters attached to the Complaint as Exhibits J and K, and that the documents speak for themselves. Sun Pacific denies the characterizations of the letters and the allegations set forth in paragraph 33 of the Complaint and the referenced letters.

## FIRST CLAIM FOR RELIEF

### (Trade Dress Infringement (15 U.S.C. § 1125(a)))

### (Against All Defendants)

34. Sun Pacific hereby incorporates by reference its responses to Paragraphs 1-33 of this Answer by reference as if the same were set forth herein at length.

35. The allegations of Paragraph 35 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint. Plaintiff has failed to explicitly identify what it is claiming specifically constitutes the "SUMO Trade Dress", and appears to be claiming that Plaintiff has rights in and to certain

1  colors as independent distinctive marks, when no such registrations exist or are cited in the definition of "SUMO Trade Dress". Plaintiff has no registration on the color purple. Accordingly, these allegations are denied.

36. The allegations of Paragraph 36 of Plaintiff's Complaint constitute legal argument to which no response is required.

37. The allegations of Paragraph 37 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. The allegations of Paragraph 38 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. The allegations of Paragraph 39 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. The allegations of Paragraph 40 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. The allegations of Paragraph 41 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

**SECOND CAUSE OF ACTION**

**(Common Law Trade Dress Infringement)**

**(Against All Defendants)**

42. Sun Pacific hereby incorporates by reference its responses to Paragraphs 1-41 of this Answer by reference as if the same were set forth herein at length.

43. Sun Pacific incorporates its response to Paragraph 35 of the Complaint by reference as if fully set forth herein.

44. The allegations of Paragraph 40 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

**(Violation of Cal. Bus. & Prof. Code § 17200 *et seq*.)**

**(Against All Defendants)**

45. Sun Pacific hereby incorporates by reference its responses to Paragraphs 1-44 of this Answer by reference as if the same were set forth herein at length.

46. Paragraph 46 constitutes conclusions of law to which no response is required.

47. The allegations of Paragraph 47 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. The allegations of Paragraph 48 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

**(Common Law Unfair Competition)**

**(Against All Defendants)**

49. Sun Pacific hereby incorporates by reference its responses to Paragraphs 1-48 of this Answer by reference as if the same were set forth herein at length.

50. The allegations of Paragraph 50 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. The allegations of Paragraph 51 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

11
SUN PACIFIC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
Case No. 2:24-cv-03334-PSG-RAO

52. The allegations of Paragraph 52 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. The allegations of Paragraph 53 of Plaintiff's Complaint constitute legal argument to which no response is required. To the extent a response is required, Sun Pacific denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Sun Pacific denies that Plaintiff is entitled to any of the relief requested in Paragraphs 1 through 12 of the section of Plaintiff's Complaint entitled, "Prayer for Relief." Sun Pacific denies any allegations contained therein.

## AFFIRMATIVE DEFENSES

Sun Pacific alleges and asserts the following affirmative defenses to the claims in the Plaintiff's Complaint. Sun Pacific reserves the right to amend its Answer or assert additional defenses as additional information becomes available and/or is discovered.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims are barred in whole or in part for failure to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No Likelihood of Confusion)

Plaintiff's claims are barred in whole or in part because there is no likelihood of confusion between Plaintiff's goods and Sun Pacific's goods, or the source or association of either party's goods.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

Plaintiff is barred from asserting any rights in its asserted trade dress to the

extent it is anything other than the three registered trademarks because it does not have enforceable, exclusive rights in and to the color purple in association with mandarins.

## ADDITIONAL DEFENSES

Sun Pacific reserves the right to assert additional defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Lanham Act, California Business and Professions Code, and/or California common law, as well as any other defenses, at law or in equity based on information learned or obtained during discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, for the foregoing reasons, Sun Pacific respectfully requests that this Court dismiss this action in its entirely, with prejudice; that Sun Pacific be awarded its attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and that Sun Pacific be awarded such further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Sun Pacific respectfully requests a trial by jury on all matters raised in its Answer and Affirmative Defenses or in Plaintiff's Complaint.

Respectfully submitted,

Dated: June 14, 2024

s/ *Scott M. Lowry*
Scott M. Lowry

13
SUN PACIFIC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
Case No. 2:24-cv-03334-PSG-RAO

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2024, I electronically filed the foregoing **SUN PACIFIC SHIPPERS, L.P.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

**LOWRY BLIXSETH APC**

s/ *Jeffrey Castaneda*
Jeffrey Castaneda